## Ream *v.* Saxman Coal & Coke Co. et al., Appellants.

Argued November 10, 1959. Before HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ. (RHODES, P. J., absent).

*Robert W. Critchfield,* for appellants.

*Richard F. Maize,* for appellee.

OPINION BY HIRT, J., December 17, 1959:

The claimant, a coal miner, suffered a fracture of the first lumbar vertebra from a fall of rock in the course of his employment. The employer or the insurance carrier paid claimant a total of $2,827 over a period of 87 weeks, in accordance with a compensation agreement entered into for total disability. At the end of that period the defendants on February 6, 1957, petitioned for a termination of the agreement under §306(f) of the Act of June 21, 1939, P. L. 520, 77 PS §531, as further amended. In the petition they averred that claimant had forfeited all rights to further compensation because he had refused to submit to an operation which it was contended would free him from disabling symptoms and would enable him to return to some form of gainful occupation.

At the hearing before the referee Dr. C. C. Yount, a well qualified orthopedic surgeon, from his examination of claimant, testified: "The x-rays revealed fracture of the first lumbar vertebra with destruction of the cartilage and collapse of the nucleus pulposus, that is the disc, with narrowing of the interspace and a persistent mild kyphotic [i.e., angular curvature] deformity. In order to hasten this patient's return to function, I believe that a bone graft should be done to fuse the lumbar spine. This would insure stability, in other words, lack of motion and relief from pain and maybe permit return to function." In his opinion the prognosis for recovery, approaching, but "considerably less" than, full restoration of claimant's ability to work, was reasonably good. But he conceded that the operation was not entirely free from danger. And he testified that he "absolutely and finally" could not foretell the

degree of benefit that claimant would receive from the operation. The claimant refused to submit to the operation. On his behalf, Dr. R. O. Ritter, an equally well-qualified orthopedic surgeon, testified that claimant was justified in refusing the surgical service because the offer was unreasonable under the circumstances. He testified that claimant "has a congenital deformity of the joints or facets at" the 4th and 5th lumbar vertebrae, resulting in a "tilting" and curvature of the spine. And Dr. Ritter advised against the operation fusing the twelfth dorsal and the first lumbar vertebrae for the reason that the fixation of the fracture immobilizing that area in his opinion would aggravate the congenital abnormality of the spine, with the result that the operation instead of decreasing claimant's disability might increase it. The referee in effect found upon sufficient competent evidence that claimant was justified in refusing the operation, and the board affirmed the finding. On this issue the court below correctly affirmed the board's decision.

There is error however in the judgment entered by the lower court based upon compensation payments under the agreement for total disability for the period ending February 25, 1959. Dr. Yount conceded that claimant no longer was totally disabled but that he could perform "certain types of work . . . which do not require much function of that zone of the torso." Dr. Ritter testified that as a result of the conservative treatment which claimant had been receiving he was only 50% disabled on June 5, 1957 when the witness last examined him. Thus, under all of the evidence the claimant is no longer totally disabled and the proceeding, of necessity, must be returned to the board for specific findings as to the degree of claimant's disability from injury and for an appropriate award. Cf. *Hanyok v. Pa. Coal & Coke Corp.*, 155 Pa. Superior Ct.

194, 38 A. 2d 537; *Simon v. Fine,* 167 Pa. Superior Ct. 386, 74 A. 2d 674.

Case remanded to the Workmen's Compensation Board for further proceedings consistent herewith.